UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PHAT T. CHAU,

        Petitioner,                                    Civil No. 08-6202-HU

      v.                                             ORDER

ANTHONY SANTOS,

        Respondent.

HAGGERTY, District Judge:

      Magistrate Judge Hubel issued a Findings and Recommendation [21] recommending that this court deny the Petition for Writ of Habeas Corpus [2], and that Judgment be entered dismissing this case with prejudice. Objections to the Findings and Recommendation were filed by petitioner in a timely manner. The matter was then referred to this court for review.

      When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). This court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations.

**BACKGROUND**

1 -- ORDER

Petitioner was convicted by a jury of two counts of Assault in the Second Degree, two counts of Assault in the Third Degree, and one count of Unlawful Use of a Weapon. Petitioner was sentenced to 140 months imprisonment followed by two years of post-prison supervision. Findings and Recommendation at 4. After direct appeal and a petition for post-conviction relief, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, asserting a claim for ineffective assistance of counsel. Magistrate Judge Hubel provided a thorough analysis of the facts and circumstances regarding this litigation, and that analysis need not be repeated here. Additional facts will be addressed as necessary below.

## ANALYSIS

"The essence of an ineffective assistance of counsel claim is that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Williams v. Calderon*, 52 F.3d 1465, 1469 (9th Cir. 1995) (internal quotations omitted). To establish deficient performance, the petitioner must first demonstrate that counsel not merely committed errors, but also performed outside the "wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690 (1987). Petitioner must show that counsel's representation failed to meet an objective standard of reasonableness. *Id*. at 688. To establish prejudice, petitioner "'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Williams*, 52 F.3d at 1469 (quoting *Strickland*, 466 U.S. at 694). Specifically, petitioner must show that counsel committed errors that a reasonable, competent lawyer, acting as a diligent and conscientious advocate, would not make, and that prejudice resulted. *Tinsley v. Borg*, 895 F.2d 520, 531-32 (9th Cir. 1990) (citing *Strickland*). The test is whether the assistance was reasonably effective under the circumstances, and judicial scrutiny is

highly deferential, with the court indulging a strong presumption that the attorney's conduct falls within the wide range of reasonable professional assistance. *Id*.

Petitioner's first assignment of error asserts that the Magistrate Judge erred in concluding that petitioner failed to demonstrate ineffective assistance of counsel. Petitioner alleged that trial counsel was ineffective for failing to interview Angela Fung, a witness to the altercation at issue. The Magistrate Judge found that defense counsel's assistance did not fall below an objective standard of reasonableness because counsel "had access to two consistent statements made by Ms. Fung to the police implicating petitioner in the assault." Findings and Recommendation at 8. Fung's account of the incident was known by defense counsel and there was no reason to believe her testimony would exonerate petitioner. *Id*. Here, petitioner asserts that the Magistrate erred because Fung's statements to police could be construed as inconsistent.

Petitioner correctly notes that the Magistrate Judge inaccurately quoted Fung's interview with Detective Kelly. The Findings and Recommendation inserted "petitioner" into the last sentence of a quotation from Fung's interview, which implicated petitioner in the assault. Findings and Recommendation at 4. The original interview transcript refers to Tran Dang, petitioner's co-defendant. However, when read in context with the entire report, it is clear that Dang's name was improperly inserted into the original report. In the preceding sentences, Fung identified that *petitioner* approached Nam Duong from the right side and that it was *petitioner* who struck Nam with a bottle. Resp't Ex. 124 at 16. Following the inaccurate reference to Dang, Fung implicated petitioner by stating that the bottle shattered after *petitioner* struck Nam Duong on his head. *Id.* Moreover, in an interview several days later with Officer Jenny Dierickx, Fung again implicated petitioner as the one who hit Nam Duong with a bottle. Resp't Ex. 124 at 37. Therefore, despite the reference to Dang in the police report, Fung's statements to the police appear consistent.

3 -- ORDER

Petitioner also asserts that Fung's statements to police are inconsistent because in her interview with Officer Dierickx, Fung stated that Nam Duong had been "struck *several times* by a broken bottle that was thrown by Phat and Dang." Resp't Ex. 124 at 37 (emphasis added). However, in her previous interview with Detective Kelly, Fung was never asked how many times petitioner struck Nam Duong and offered no indication that he was struck only once. Again, the foregoing evidence supports the contention that Fung's statements to police were consistent.

Petitioner appears to further allege that Michael Redd, a witness who testified at trial, also gave inconsistent statements to the police. This court liberally construes petitioner's cursory objection as an additional argument regarding his counsel's ineffective assistance. A *de novo* review of the record confirms that Redd's statement to police was consistent with his trial testimony. Redd told police that petitioner "threw a Frappucino bottle at Nam splitting his forehead open." Resp't Ex. 124 at 39. At trial, Redd testified consistently, explaining that "it was obvious that [petitioner] had just struck that blow." Defense counsel cross-examined Redd and compelled him to describe petitioner's actions in detail. During defense counsel's cross-examination, Redd admitted that he had not witnessed petitioner strike Nam Duong.

The Findings and Recommendation properly evaluated petitioner's claims. After fully reviewing the record of this case and the arguments presented, the attorney's conduct cannot be said to have fallen outside the wide range of reasonable professional assistance. This court's review of the record confirms that petitioner's attorney performed well within the acceptable wide range of professionally competent assistance. The representation at issue did not fail to meet an objective standard of reasonableness.

Even assuming that the witnesses' statements to police were inconsistent, petitioner fails to overcome the strong presumption that his attorney's conduct fell within the wide range of

4 -- ORDER

acceptable reasonable professional assistance.  Moreover, petitioner fails to establish the existence of a reasonable probability that, but for counsel's conduct in these matters, the result of the proceeding would have been different.  Accordingly, petitioner's objections to the Findings and Recommendation must be overruled.

**CONCLUSION**

The Magistrate Judge's Findings and Recommendation [21] is adopted in its entirety. Petitioner was not unlawfully deprived of his constitutional right to effective assistance of counsel or any other right and privilege during his prosecution and conviction, and his appeal of the same. The Petition for Writ of Habeas Corpus [2] brought by petitioner Phat T. Chau is denied and this action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this  1  day of December, 2009.

　　　　　　　　　　　　　　　　　　　　 /s/ Ancer L. Haggerty
　　　　　　　　　　　　　　　　　　　　Ancer L. Haggerty
　　　　　　　　　　　　　　　　　　　United States District Judge